IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT LEE WASHINGTON, TDCJ #684919, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. H-15-0737 |
| v. | § § | |
| SHERIFF ADRIAN GARCIA, et al., | § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Robert Lee Washington (SPN #002247082, former TDCJ #444056, TDCJ #1930260) is currently incarcerated at the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Washington has filed a complaint under 42 U.S.C. § 1983, alleging civil rights violations at the Harris County Jail, where he was formerly in custody. At the court's request Washington has filed a more definite statement of his claims. Because he is a prisoner the court is required to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After reviewing all of the pleadings as required, the court will dismiss this action for the reasons explained below.

## I. Background

Washington was arrested for possession of cocaine and placed in the Harris County Jail on March 6, 2014. While he was waiting to be booked into the Jail, Washington claims that unidentified deputies slandered him by telling other inmates that he was a pedophile, a murderer, a snitch, and homosexual. (Plaintiff's More Definite Statement, Docket Entry No. 11, p. 2)[1] As a result of these false characterizations, Washington contends that deputies at the Jail compromised his safety and placed his life "in harm's way." (Complaint, Docket Entry No. 1, at 3) Washington claims that Sheriff Garcia is therefore liable for the deputies' defamation of his character.

In addition to the deputies' remarks, Washington claims that a woman he was "committing adultery" with, defendant Jackie White, videotaped him without his consent while the two were having sex. (Complaint, Docket Entry No. 1, p. 2; Plaintiff's More Definite Statement, Docket Entry No. 11, p. 4) It is not clear from the rambling more definite statement that Washington provides, but he appears to claim that the videotape was admitted as evidence during a parole revocation proceeding. (Plaintiff's More Definite Statement, Docket Entry No. 11, p. 7) Washington claims that deputies showed the tape to other inmates, further damaging his

---

[1]Page citations to documents are to the pagination imprinted by the federal court's electronic filing system at the top and right of the document.

character and exposing him to harassment. (Id. at 4, 10.) Although he does not provide specific details, Washington also contends that his court-appointed defense lawyer, defendant Alex G. Azzo, did not do enough to protect him and helped cover up the damage caused by the videotape. (Complaint, Docket Entry No. 1-2, p. 2; Plaintiff's More Definite Statement, Docket Entry No. 11, p. 6)

Washington contends that his sister, defendant Evelyn Ratcliff, is the "mastermind" behind the attack against his character and that she conspired with deputies at the Jail to cause him harm by saying that he is a pedophile. (Plaintiff's More Definite Statement, Docket Entry No. 11, p. 10) Washington vaguely asserts that his sister had him under surveillance and conspired to have him locked up because of a dispute over some property in his mother's estate. (Id. at 10-11.) Washington blames his sister for "spread[ing] dirt on [him] to destroy [his] life." (Id. at 9.)

As a result of his sister's actions and the deputies' disparaging conduct, Washington contends that he had to be moved three times at the Jail due to "antagonistic jeers and threats" from other inmates. (Complaint, Docket Entry No. 1-2, p. 3) Washington clarifies that he was not touched or physically harmed at the Jail, but that he was placed in fear, "mentally" harassed, and "disrespected" every day by other inmates as a result of the deputies' remarks. (Plaintiff's More Definite Statement, Docket Entry No. 11, pp. 4, 5) Washington claims that he has suffered

mental and emotional damage and dishonor due to the defendants' actions. Washington requests a federal investigation of Harris County Jail staff and "retribution," presumably compensatory damages, for "his character being assassinated." (Complaint, Docket Entry No. 1-2, p. 3)

## II. Discussion

The plaintiff proceeds pro se in this case. Courts construe pleadings filed by pro se litigants under a less stringent standard of review. See Haines v. Kerner, 92 S. Ct. 594 (1972). Under this standard "[a] document filed pro se is 'to be liberally construed,' Estelle [v. Gamble, 97 S. Ct. 285, 292 (1976)], and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). Even under this lenient standard Washington's complaint must be dismissed for the reasons explained briefly below.

### A. Frivolousness

Liberally construed, Washington contends that he is the victim of a corrupt conspiracy orchestrated primarily by his sister for the purpose of assassinating his character. Washington's conclusory allegations of conspiracy and covert surveillance appear factually frivolous because they are "fanciful," "fantastic," and "delusional." Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992) (quoting Neitzke v. Williams, 109 S. Ct. 1827, 1833 (1989)). To

the extent that Washington's claims are frivolous, the complaint is subject to dismissal under 28 U.S.C. § 1915A for that reason. See Denton, supra, 112 S. Ct. at 1733; Gartrell v. Gaylor, 981 F.2d 254, 259 (5th Cir. 1993). Alternatively, the complaint fails to state a viable claim for other reasons.

### B.    Exhaustion of Administrative Remedies

Washington's complaint concerns the conditions of plaintiff's confinement at the Harris County Jail and misconduct by Jail personnel. Under the Prison Litigation Reform Act an inmate is required to exhaust administrative remedies for all "action[s] . . . brought with respect to prison conditions" before filing a civil rights suit in federal court under 42 U.S.C. § 1983 or "any other Federal law." 42 U.S.C. § 1997e(a). The Supreme Court has repeatedly emphasized that § 1997e(a) mandates exhaustion of all administrative procedures before an inmate can file any suit challenging prison conditions. See Booth v. Churner, 121 S. Ct. 1819, 1825 (2001); Porter v. Nussle, 122 S. Ct. 983, 988 (2002); Woodford v. Ngo, 126 S. Ct. 2378, 2382-83 (2006); see also Jones v. Bock, 127 S. Ct. 910, 918-19 (2007) (confirming that "[t]here is no question that exhaustion is mandatory under the P[rison] L[itigation] R[eform] A[ct] and that unexhausted claims cannot be brought in court."). Consistent with Supreme Court precedent, the Fifth Circuit has also mandated that a prisoner must exhaust his administrative remedies by complying with applicable grievance

procedures before filing a federal civil rights lawsuit related to prison conditions. See Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004).

Washington concedes in his more definite statement that the Harris County Jail had a grievance process in place while he was confined there, but that he did not file any grievances regarding his claims about the alleged misconduct by deputies or the conditions of his confinement in this case. (Plaintiff's More Definite Statement, Docket Entry No. 11, p. 4)  Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process. See Woodford, 126 S. Ct. at 2389-90. By failing to complete the jail grievance procedure Washington has bypassed available administrative remedies. See Carbe v. Lappin, 492 F.3d 325, 238 (5th Cir. 2007). This violates the PLRA's exhaustion requirement found in § 1997e(a), which mandates exhaustion before filing suit. See Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998) (affirming the dismissal even under circumstances that would seem "inefficient"). For this reason Washington's complaint concerning conditions of confinement at the Jail must be dismissed.

## C. Defamation is Not Actionable Under § 1983

Washington's allegations of defamation are not actionable under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983 a plaintiff must demonstrate first, a violation of the Constitution

or of federal law; and second, that the violation was committed by someone acting under color of state law. See Atteberry v. Nocona Gen. Hosp., 430 F.3d 245, 252-53 (5th Cir. 2005) (internal citations omitted); see also Townsend v. Moya, 291 F.3d 859, 861 (5th Cir. 2002) (In short, "[s]ection 1983 provides a claim against anyone who, 'under color of' state law, deprives another of his or her constitutional rights.").

Washington's allegations do not satisfy the first criteria for a claim under § 1983 because defamation is a violation of state, not federal, law. See WFAA-TV, Inc. v. McLemore, 978 S.W.2d 568, 571 (Tex. 1998) (reciting the elements of a defamation claim under Texas law); see also Waste Mgmt. of Texas, Inc. v. Texas Disposal Systems Landfill, Inc., 434 S.W.3d 142 (Tex. 2014). There is no constitutional right to be free from defamation or slander. See Paul v. Davis, 96 S. Ct. 1155, 1166 (1976) (recognizing that, while a State may protect against injury to reputation by virtue of its tort law, a person's reputation does not implicate a "liberty" or "property" interest of the sort protected by the Due Process Clause). Thus, claims of libel and slander are not cognizable under 42 U.S.C. § 1983. See Cook v. Houston Post, 616 F.2d 791, 794 (5th Cir. 1980); see also Mowbray v. Cameron County, Tex., 274 F.3d 269, 277 (5th Cir. 2001) (holding that allegations of slander by a former prisoner, resulting in public humiliation, scorn, and ridicule, did not state a claim under 42 U.S.C. § 1983); Castillo v. Bowles, 687 F. Supp. 277, 282 (N.D. Tex. 1988) (dismissing an

inmate's defamation claim against jail guards because, even if his allegations were true, he only alleged harm to his reputation, which is not protected by the Constitution) (citation omitted). To the extent that Washington contends that he was defamed by the defendants, these allegations fail to state a claim under 42 U.S.C. § 1983.

### D. Washington Cannot Otherwise Recover Damages for Mental or Emotional Distress

Washington cannot recover compensatory damages based on his allegation that he was placed in harm's way at the Jail or that deputies exposed him to scornful treatment by other inmates because Washington concedes in his more definite statement that he was not physically harmed. (Plaintiff's More Definite Statement, Docket Entry No. 11, p. 5) At most, he was harassed and disrespected. (Id.)

The PLRA prohibits recovery of damages by prisoners in cases that do not involve physical injury. The PLRA expressly provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). To the extent that Washington's claims are based on mental or emotional harm, his request for compensatory damages must be dismissed for failure to state a claim upon which relief may be granted. See Geiger v. Jowers, 404 F.3d 371, 375 (5th Cir. 2005) (holding that

a prisoner's failure to allege physical injury precludes his recovery of compensatory damages for emotional or mental injuries pursuant to 42 U.S.C. § 1997e(e)).

### III. Conclusion

Based on the foregoing, the court **ORDERS** as follows:

1. Plaintiff's Complaint Under the Civil Rights Act, 42 U.S.C. § 1983 (Docket Entry No. 1) is **DISMISSED with prejudice** under 28 U.S.C. § 1915A(b) as frivolous and for failure to state a claim.

2. The dismissal will count as a strike for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties. The Clerk will also provide a copy of this Order by regular mail or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

**SIGNED** at Houston, Texas, on this the 29th day of May, 2015.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE